·RECEIVED

FEB 1 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

CARLOS LOPEZ

      Plaintiff,


v.                       Civil Action No. 07-cv-2002 (RMU)


EXECUTIVE OFFICE
FOR UNITED STATES ATTORNEYS,

      Defendant,               /

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS
## TO EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS

NOW COMES the Plaintiff, Carlos Lopez, proceeding pro se, and moves the Honorable Court pursuant to Fed.R.Civ.P. 34, for an Order to compel the Defendants to produce for inspection and/or copying all of the records in the possession of the Defendants regarding the investigation, surveillance, arrest and prosecution of Mr. Lopez' criminal case. In support therefor, Plaintiff says as follows:

1) Fed.R.Civ.P. 34(a)(1)[*] states in pertinent part:

> Any party may serve on any other party a request to produce and permit the party making the request... to inspect [or] copy...any designated documents or electronically stored information...translated, if necessary, by the respondent into reasonably usable form, or to inspect [or] copy any designated tangible things...which are in the **possession, custody or control of the party** upon whom the request is served. (Boldface emphasis added)

2) On November 6, 2007, Plaintiff filed a Complaint before the Court stating that the Defendants violated the Freedom of Information Act, 5 U.S.C § 552 et. seq., by failing to

(1)

provide your Plaintiff with his requested documents.

3) On November 20, 2007, a service of Summons and Complaint was executed on the Defendants.

4) On December 21, 2007, in an attempt to ameliorate the damages of Plaintiff's civil action, the Defendants made a limited disclosure of the documents in their possession relating to the investigation and prosecution of Plaintiff's 2001 criminal case. It should be noted that <u>at least</u> an additional 607 pages of reports and documents were withheld by the Defendants and their sub-agencies. **Appendix A** (Defendants' disclosure letter and Plaintiff's appeal).

5) On January 3, 2008, Defendants filed their Answer to Plaintiff's Complaint. The Defendants conceded to the allegations contained in the Complaint, but contested Plaintiff's requested relief. Furthermore, the Defendants noted that additional documents were withheld. <u>See</u>, Defendants' Answer to Complaint at ¶ 7.

6) It is important to note that your Plaintiff previously filed an action against the government pursuant to Fed. R.Civ.P. 60(b)(3). Plaintiff argued: (1) a confidential informant of the Somersworth Police Department supplied perjurious testimony during Plaintiff's criminal trial; and (2) the government violated Plaintiff's due process rights as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972). <u>See</u> <u>also</u>, <u>United States v. Osorio</u>, 929 F.2d 753, 762-63

(2)

(1st Cir. 1991); <u>Limone v. Condon</u>, 373 F.3d 39, 45 (1st Cir. 2004); <u>United States v. Chapin</u>, 515 F.2d 1274 (D.C. Cir. 1975); and <u>Hazel-Atlas Glass Co. v. Hartford-Empire Co.</u>, 322 U.S. 238 (1944). **Appendix B** (Court Order, Report and Recommendation).

7) The Defendants have cited numerous FOIA exemptions based on third party privacy interests to justify their decision to withhold documents from the Plaintiff. It is respectfully submitted that those exemptions cannot circumvent your Plaintiff's constitutional rights. The Fifth Amendment's due process clause does not confer upon a criminal defendant a right to an error-free trial. <u>United States v. Hasting</u>, 461 U.S. 499, 508-09 (1983). But is unquestionably guarantees a criminal defendant a fundamental right to a fair trial. <u>Lutwak v. United States</u>, 344 U.S. 604, 619 (1953). One of which your Plaintiff **did not** receive during his earlier criminal proceedings due to the government witness' perjury, the government's subornation of her perjury, and the government's non-disclosure violations.

8) It is of paramount importance that the Honorable Court Order the Defendants to disclose all of the documents in their possession, or control, relating to both their witness, Jennifer Webber, and any law enforcement officer/ agency who may have a connection with either her guidance in assisting the government or her prosecution on State of New Hampshire offenses. This is to include, but is not

(3)

limited to: (1) <u>any</u> communication between the officers of the Somersworth Police Department and the government or any of its employees; (2) <u>any</u> communication between the officials of the Strafford County Superior Court and the government or any of its employees; (3) <u>any</u> communication between the Strafford County Attorney's Office and the government or any of its employees; (4) <u>any</u> agreements or "deals," whether expressed or implied, relating to any favorable treatment on behest of the government to its witnesses in exchange for their testimony and/or cooperation in the prosecution of Plaintiff's criminal case. **Appendix C**

9) In a criminal case the "government's duty to disclose extends beyond material in the prosecutor's possession." <u>Moreno-Morales v. United States</u>, 334 F.3d 140, 146 (1st Cir. 2003). A prosecutor "has a duty to learn of any favorable evidence known to the **others** acting on the government's behalf, including the police." <u>Kyles v. Whitley</u>, 514 U.S. 419, 437 (1995)(boldface emphasis added). Information possessed by other branches of the federal government, including its investigating officers, is typically "imputed to the prosecution" of the case. <u>Smith v. N.M. Dep't of Corrections</u>, 50 F.3d 801, 824-25 (10th Cir. 1995); <u>United States v. Thorton</u>, 1 F.3d 146, 158 (3d Cir. 1993)("The prosecutors have an obligation to make a thorough inquiry of all enforcement agencies that had a potential connection with the witness[.]")

(4)

10) Plaintiff was convicted by a jury in the United States District Court for the District of New Hampshire for conspiracy, distribution of 75.9[*] grams of cocaine base, and firearm violations. See United States v. Lopez, 380 F.3d 538 (1st Cir. 2004). He was ultimately sentenced to a 25-year term of imprisonment. Your Plaintiff maintains his 'actual innocence' towards the charges contained in his Indictment, and humbly requests the Court to Order the Defendants to fully disclose Plaintiff's case file, related documents, and prosecutor's notes as described above.

**Wherefore**, for the forgoing reasons, Plaintiff respectfully moves the Honorable Court for the entry of an Order to compel the Defendants to disclose all of the documents in their possession, or control, relating to Plaintiff's criminal case and the witnesses relevant to his criminal case, i.e., Terri Tremblay, Jennifer Webber a.k.a Jennifer Hudgins, Gary Smith, Joshua Hilliard, David Haycock, any unidentified law enforcement officer or agent of the State of New Hampshire who acted on behalf of the government or its witnesses, and provide any other relief this Court feels is necessary.

Respectfully submitted,

Dated: 2/15/08

Carlos Lopez, pro se
Reg. No. 03010-049
FMC-Devens, Unit H-A
P.O. Box 879
Ayer, Massachusetts 01432

---

[*] The DEA laboratory analysis reports determine the total weight for Counts 2-5 of Plaintiff's Indictment to be 52.7 grams of cocaine base.

(5)

## CERTIFICATE OF SERVICE

I, Carlos Lopez, hereby certify that a true copy of the foregoing **MOTION TO COMPEL** has on this date been served upon Charlotte A. Abel, A.U.S.A, by depositing a copy in the U.S. mails, postage prepaid, addressed as follows:

Charlotte A. Abel, A.U.S.A.
United States Attorney's Office
555 4th Street, NW
Washington, D.C. 20530

Dated: 2/15/08



# APPENDIX





**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757  FAX: 616-6478  (www.usdoj.gov/usao)*

Requester:___Carlos Lopez_____Request Number:___06-2619_____

Subject of Request: Self/DH_____

Dear Requester:                                                                    DEC 2 1 2007

     Your request for records under the Freedom of Information Act/Privacy Act has been processed.
This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-
keeper for all records located in this office and the various United States Attorneys' Offices.

     To provide you the greatest degree of access authorized by the Freedom of Information Act and
the Privacy Act, we have considered your request in light of the provisions of both statutes.

     The records you seek are located in a Privacy Act system of records that, in accordance with
regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy
Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and
are making all records required to be released, or considered appropriate for release as a matter of
discretion, available to you. This letter is a [X] partial [   ] full denial.

____305___ page(s) are available to be released in full (RIF);
_____72___ page(s) are available to be released in part (RIP);
____276___ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to
determine if any information could be segregated for release.**

     The exemption(s) cited for withholding records or portions of records are marked below. An
enclosure to this letter explains the exemptions in more detail.

|                       | Section 552          |                    | Section 552a       |
|-----------------------|----------------------|--------------------|--------------------|
| [   ] (b)(1)          | [   ] (b)(4)         | [   ] (b)(7)(B)    | [X] (j)(2)         |
| [   ] (b)(2)          | [X] (b)(5)           | [X] (b)(7)(C)      | [   ] (k)(2)       |
| [X] (b)(3)            | [   ] (b)(6)         | [   ] (b)(7)(D)    | [   ] (k)(5)       |
| _F.R.Cr.P 6(e)_ [   ] (b)(7)(A) | [   ] (b)(7)(E) | [   ] _____ |
| _5 U.S.C. App. 4§107 (a)_ | [   ] (b)(7)(F) |                    |                    |

     [X ] This office is withholding grand jury material which is retained in the District.

     [ X ]  After reviewing all the documents, we have determined that we can make a partial
             release. You previously agreed to pay search and/or copying costs. A $_____ review,
             $__112.00__ search, and/or $ 28.10___ copying fee is being assessed for these records.

We are forwarding these records, please send a check or money order for
 140.10 , payable to the Treasury of the United States. Payment should be mailed to the Freedom
of Information Act/Privacy Act Staff, 600 E Street, N.W., Room 7300, Washington, D.C. 20530.
**If payment is not received within 30 days from the date of this letter, any future requests
for records will be rejected until payment is received.**

[X] _____331_____ page(s) originated with another government component. **These records were
found in the U.S. Attorney's Office files and may or may not be responsive to your request.** Once
we have received the above payment, these records will be referred to the following component(s) listed
for review and direct response to you:_ Drug Enforcement Administration-305 pgs; Federal Bureau of
Investigation-6pgs; Department of Veterans Affairs-2pgs; Alcohol, Tobacco, and Firearms- 9pgs; and
United States Probation Office-5pgs .

[X]    There are public records which may be obtained from the clerk of the court or this
office, upon specific request. If you wish to obtain a copy of these records, you must submit a new
request. These records will be provided to you subject to copying fees.

[  ]    Please note that your original letter was split into separate files ("requests"),
for processing purposes, based on the nature of what you sought. Each file was given a separate Request
Number (listed below), for which you will receive a separate response:

_____

[  ]    See additional information attached.

This is the final action on this above-numbered request. You may appeal this decision on this
request by writing within 60 days from the date of this letter to the **Office of Information and Privacy,
United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-
0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the
results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court,
28 C.F.R. § 16.9.

Sincerely,

William G. Stewart II
Assistant Director

Enclosure(s)

(Page 2 of 2)
Form No. 021 - fee/bill - 3/07

February 6, 2008

Carlos Lopez
Reg. No. 03010-049
FMC-Devens, Unit H-A
P.O. Box 879
Ayer, Massachusetts 01432

Office of Information and Privacy
United States Department of Justice
1425 New York Avenue, Suite 11050
Washington, D.C. 20530-0001

**Request No. 06-2619**

Dear Sir or Madam:

I appeal the Executive Office for United States Attorneys'
decision to withhold, in full, 276 pages from my previous
Freedom of Information Act request.

I also oppose their decision to release, in part, 72 pages
from my properly filed request.

I respectfully request that you promptly review the merits
of their decision and subsequently disclose the aforementioned
documents. It is important to note that I have filed an action
against the Executive Office for United States Attorneys in the
United States District Court, District of Columbia. See Carlos
Lopez v. Executive Office for United States Attorneys, Docket
No. 1:07-cv-02002-RMU. In effort to reach a timely and expeditious
resolution in this matter, I urge you to fully disclose the
withheld documents.

Respectfully submitted,

Carlos Lopez

cc: Charlotte A. Abel, A.U.S.A
    Clerk, U.S. District Court





UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Carlos Lopez,
     Petitioner

     v.                          Civil No. 06-cv-004-SM
                                  Opinion No. 2007 DNH 018
United States of America,
     Government

## O R D E R

On February 28, 2006, the court denied petitioner's motion

for relief from his conviction and sentence under 28 U.S.C.

§ 2255.  Petitioner sought a certificate of appealability under

28 U.S.C. § 2253(c)(1), which the court denied on March 15, 2006.

Subsequently, on August 7, 2006, the Court of Appeals for the

First Circuit denied petitioner's request for a certificate of

appealability – a necessary prerequisite to an appeal of the

order dismissing his § 2255 petition.


Petitioner now seeks relief under Fed. R. Civ. P. 60(b).

The question presented by petitioner's motion is whether it is

properly viewed as a Rule 60(b) motion or whether it is actually

a second or successive petition seeking habeas relief.  As the

court of appeals for this circuit has noted:

> a motion made under Rule 60(b) of the Federal Rules of
> Civil Procedure for relief from a judgment previously
> entered in a section 2255 case "should be treated as a

second or successive habeas petition if – and only if – the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." If, however, "the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured, the motion may be adjudicated under the jurisprudence of Rule 60(b)."

Munoz v. United States, 331 F.3d 151, 152–53 (1st Cir. 2003) (quoting Rodwell v. Pepe, 324 F.3d 66, 67 (1st Cir. 2003)).

Here, petitioner's Rule 60(b) motion raises two substantive issues, each of which directly challenges the constitutionality of his underlying conviction. First, he says a trial witness, Jennifer Webber, committed perjury, thus depriving him of a fair trial. Second, he says the prosecution breached its obligation to timely disclose material exculpatory and/or impeachment evidence, which failure deprived him of due process. See Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972). Those alleged errors are not related to the manner in which the judgment denying petitioner's § 2255 motion was procured, nor do they address any procedural irregularities associated with that process. Instead, they speak directly to whether petitioner is entitled to relief from the underlying conviction and sentence, due to errors in the trial process itself. Given that circumstance, petitioner's Rule 60(b) motion is the functional equivalent of, and must be deemed to be, a

2

"second or successive" petition for habeas relief. <u>See</u> <u>Munoz</u>, 331 F.3d at 153 ("In his Rule 60(b) motion, the petitioner challenges the constitutionality of his underlying conviction and argues the merits of his foundational sentencing claims . . . The petitioner's Rule 60(b) motion must, therefore, be treated as a second or successive habeas petition.").

It does not appear that petitioner has requested, much less obtained, an order from the court of appeals authorizing this court to consider the second petition. <u>See</u> 28 U.S.C. § 2244(b)(3)(A); <u>Raineri v. United States</u>, 233 F.3d 96, 99 (1st Cir. 2000). Accordingly, this court must dismiss the petition for want of jurisdiction (i.e., deny the motion) or transfer it to the court of appeals for consideration under 28 U.S.C. § 2255. <u>See</u> <u>United States v. Barrett</u>, 178 F.3d 34, 41 n.1 (1st Cir. 1999). Rather than require petitioner to refile in the court of appeals, as he surely would, given the magnitude of the sentence imposed, the court will transfer the motion to the United States Court of Appeals for the First Circuit for consideration of petitioner's implicit request for an order authorizing this court to consider the motion as a second or successive petition for § 2255 relief.

## Conclusion

The motion for relief pursuant to Fed. R. Civ. P. 60(b)
(document no. 20-1) is hereby transferred to the United States
Court of Appeals for the First Circuit for consideration of
petitioner's implicit request for an order authorizing this court
to consider it as a second or successive § 2255 petition.


**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

February 8, 2007

cc:  Carlos Lopez
     Jeffrey S. Levin, Esq.
     Robert O. Berger, Esq.
     United States Attorney

4

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Carlos Lopez

v.                                        Civil No. 06-cv-305-PB

Somersworth Police Department, et al.

## REPORT AND RECOMMENDATION

Carlos Lopez has moved to amend the complaint in this matter
to add two claims, both alleging violations of his Fourteenth
Amendment rights and to add a defendant to this action (document
nos. 16 & 21). Defendants object (document no. 17).

### Standard of Review

Under Fed. R. Civ. P. 15(a), leave to amend a complaint
"'shall be freely given when justice so requires,' unless the
amendment would be futile or reward undue delay." Adorno v.
Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006),
(quoting Fed. R. Civ. P. 15(a)). In assessing futility, the
Court applies the same standard it applies to a motion to dismiss
under Fed. R. Civ. P. 12(b)(6). Adorno, 443 F.3d at 126.

In considering a motion to dismiss under Fed. R. Civ. P.
12(b)(6), the court accepts the facts alleged in the complaint as

true and determines whether "relief could be granted under any set of facts that could be proved consistent with the allegations." Lalonde v. Textron, Inc., 369 F.3d 1, 6 (1st Cir. 2004) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)). The Court draws all reasonable inferences from the facts alleged in the plaintiff's favor. Martin v. Applied Cellular Tech., 284 F.3d 1, 6 (1st Cir. 2002). Dismissal of the complaint is appropriate only if "it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). Applying this standard to the assertions in Lopez's motion to amend, I find the facts as follows.

<u>Background</u>

Carlos Lopez, a federal prisoner serving his sentence in the Federal Correctional Institute located at Fort Dix, New Jersey, filed this diversity action seeking damages against defendants, members of the Somersworth Police Department. Lopez's initial claims allege that the defendants failed to provide Lopez with information that had been properly requested under New Hampshire's Right to Know statute, N.H. Rev. Stat. Ann. 91-A, <u>et seq.</u> Defendants filed a motion to dismiss, alleging that

2

diversity jurisdiction is improper in this case, as the amount in controversy was not alleged in good faith, and that the damages in the case clearly do not exceed $75,000, as is required to establish diversity jurisdiction in this Court. See 28 U.S.C. § 1331(a) & (b) (requiring complete diversity of citizenship of the parties and an amount-in-controversy exceeding $75,000 to establish federal jurisdiction over a claim brought under state law).

Lopez claims that since the time he originally filed his complaint on August 17, 2006, he has received documents that contain evidence demonstrating that a key witness against him at trial perjured herself, and that the government delayed providing Lopez timely access to exculpatory material for his criminal trial in violation of Brady v. Maryland.[1] Specifically, Lopez has obtained transcripts of the trial testimony of Jennifer Weber. Weber testified at Lopez's trial that at the time she provided evidence to the government incriminating Lopez, she had recently been arrested for felony drug possession, and had become a confidential informant to Somersworth Police Captain Kretchmar.

---

[1] 373 U.S. 83, 87 (1963) (suppression by prosecution of evidence favorable to an accused person upon request violates due process where evidence is material either to guilt or to punishment)

3

Weber testified that when she was arrested she was also potentially subject to a previously suspended 12-month jail sentence.  Weber testified that the drug possession case was dismissed due to a problematic search of her purse, rather than pursuant to any deal with the prosecution for her testimony against Lopez.

Since his complaint was filed, Lopez has also obtained, and now submitted, police reports that state that at the time Weber was arrested, she consented to the search of her purse.  Lopez alleges that this demonstrates both that Weber perjured herself on the stand regarding her own motivation to testify against Lopez, and that the government withheld exculpatory information from him regarding a deal he alleges was made between the prosecution and Weber in order to secure Weber's assistance and testimony against Lopez.  Lopez alleges that these factors support claims that his Fourteenth Amendment rights were violated.  It is these claims he seeks to add to the complaint at this time.

### Discussion

Lopez asserts that he was denied access to exculpatory information prior to his trial, and that as a result, his

4

conviction was obtained by violating his due process rights.

These claims arise under 42 U.S.C. § 1983.  Section 1983 creates

a cause of action against those who, acting under color of state

law, violate federal constitutional or statutory law.  See 42

U.S.C. § 1983[2]; Parratt v. Taylor, 451 U.S. 527, 535 (1981)

(overruled on other grounds by Daniels v. Williams, 474 U.S. 327,

330-331 (1986)); Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st

Cir. 2002).

Under Heck v. Humphrey, a state prisoner's claim for damages

is not cognizable under § 1983 if a judgment for the prisoner

would "necessarily imply" that the conviction or sentence was

invalid unless and until the inmate obtains favorable resolution

of a challenge to his conviction.  512 U.S. 477, 486-87 (1994).

"A claim for damages bearing that relationship to a conviction or

sentence that has *not* been invalidated is not cognizable under §

_____

[2]42 U.S.C. § 1983 provides that:

> Every person who under color of any statute,
> ordinance, regulation, custom, or usage, of any
> State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of
> the United States or other person within the
> jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law . . . .

5

1983" and must be dismissed.  <u>Id.</u> at 487 (emphasis in original);
see <u>Thore v. Howe</u>, 466 F.3d 173, 178 (1st Cir. 2006) (same).

Here, Lopez claims that his trial violated his due process
rights because he was not provided with relevant and material
exculpatory evidence and because a witness against him committed
perjury.  In other words, Lopez claims that his conviction
violated his Fourteenth Amendment rights and was, therefore,
unconstitutional.  If this Court were to ultimately find, as
Lopez asks, that there was information withheld from him prior to
his trial that tainted the validity of his conviction, the court
will have "necessarily implied" the invalidity of Lopez's
conviction.  The claims that Lopez seeks to add to his complaint,
therefore, are barred by <u>Heck</u> unless and until Lopez's conviction
has been successfully challenged.  <u>See Heck</u>, 512 U.S. at 487.

Lopez has, in fact, initiated a challenge to his conviction
pursuant to Fed. R. Civ. P. 60(b) based on the same evidence that
forms the basis of the claims he seeks to add to this suit.  That
challenge has not yet been resolved, and therefore, Lopez's
conviction has not, at this time, been invalidated.[3]  Therefore,

---

[3]On February 8, 2007, Lopez's Fed. R. Civ. P. 60(b) motion,
originally filed in this Court, was referred to the United States
Court of Appeals for the First Circuit.  In its Order referring
the case, the court also characterized Lopez's claims as

the proposed amendments seek to add claims that are futile as,

under <u>Heck</u>, they cannot be redressed by this Court at this time.

I find, therefore, that Lopez's motion to amend does not state §

1983 claims upon which relief may be granted and instead states

claims that are futile, and I recommend that the motion to amend

be denied.[4]

Any objections to this report and recommendation must be

filed within ten (10) days of receipt of this notice.  Failure to

file objections within the specified time waives the right to

appeal the district court's order.  <u>See</u> <u>Unauthorized Practice of</u>

---

"direct[] challenges [to] the constitutionality of his underlying
conviction" and as speaking "directly to whether petitioner is
entitled to relief from the underlying conviction and sentence,
due to errors in the trial process itself."  <u>See</u> <u>United States v.</u>
<u>Lopez</u>, Civ. No. 06-004-SM (Order Transferring Case, issued Feb.
8, 2007).

[4]The defendant that Lopez seeks to add is relevant only to
the § 1983 claims.  Accordingly, I recommend that Lopez not be
permitted to add Capt. Kretchmar as a defendant to this action at
this time as there are no claims pending against him.

Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);

United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).


James R. Muirhead
United States Magistrate Judge

Date:       April 3, 2007

cc:         Carlos Lopez, pro se

8







Rochester Police Department
Arrest Report

09/25/2006

Arrest #: 01-525-AR
Call #: 01-9799

Date/Time Reported: 03/29/2001 @ 1646
Arrest Date/Time: 03/29/2001 @ 1655
Booking Date/Time: 03/29/2001 @ 1720
                TN #:
           Court: ROCHESTER DISTRICT COURT
      Court Date: 08/06/2001 @ 1330
Reporting Officer: PATROLMAN WILLIAM BURKE
Assisting Officer: PATROLMAN CHRISTOPHER MANGUM
 Booking Officer: PATROLMAN WILLIAM BURKE
Approving Officer: DET. SGT. ANNE BRIDEAU

     Signature: _____

COPY



-- WARNING --
THIS REPORT IS A SUMMARY, AND
MAY NOT NECESSARILY CONTAIN ALL
[OF THE INFOR]MATION KNOWN TO
[THE REPORTING/ASSISTING] OFFICER

| # | DEFENDANT(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|
| 1 | WEBBER, JENNIFER L. | F | W | 26 | | |

HAIR: BLOND OR STRAWBERRY     EYES: BLUE
COMPLEXION: LIGHT
ETHNICITY: NOT HISPANIC

_____[APPEARANCE]_____

          GLASSES WORN: NO

TATTOOS: TAT L ANKL(ROSE), TAT R ANKL(SD), TAT R KNEE(PEACE SIGN)
         TAT RF ARM(BAND)

| ALIAS LAST NAME | FIRST NAME | MIDDLE NAME | SSN | DOB |
|---|---|---|---|---|
| WEBBER | JENNIFER | L | NOT AVAIL | NOT AVAIL |
| HUDGINS | JENNIFER | L | NOT AVAIL | NOT AVAIL |
| WEBBER | JENNIFER | | 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 | 05/05/1972 |

_____[FAMILY/EMPLOYMENT INFORMATION]_____

     MARITAL STATUS: DIVORCED
     SPOUSE'S NAME: ███████████████
     FATHER'S NAME: ███████████████
     MOTHER'S NAME: ███████████████

     OCCUPATION: NONE

Rochester Police Department
Arrest Report

09/25/2006

Arrest #: 01-525-AR
Call #: 01-9799

| DEFENDANT(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|

_____[RIGHTS/BOOKING CHECKS]_____

RIGHTS ADVISED BY: PATROLMAN WILLIAM E BURKE          DATE/TIME: 03/29/2001 @ 1720
PHONE USED: N
ARRESTEE SECURED: N

FINGERPRINTED: Y
PHOTOGRAPHED: Y
SUICIDE CHECK: Not Performed
PERSONS: Federal
NCIC VEHICLE CHECK: Not Performed
INJURY OR ILLNESS: N

| OFFENSE(S) | AV | STATE LAW | CLASS |
|---|---|---|---|

LOCATION TYPE: Highway/Road/Alley/Street
HIGHLAND ST
EAST ROCHESTER NH 03868

1  POSSESSION OF A CONTROL DRUG                          C    318-B        2
       SUSPECTED OF USING: Not Applicable
       CRIMINAL ACTIVITY: Possessing/Concealing
       BIAS AGAINST: No Bias

2  POSSESSION OF A CONTROL DRUG                          C    318-B        2
       SUSPECTED OF USING: Not Applicable
       CRIMINAL ACTIVITY: Possessing/Concealing
       BIAS AGAINST: No Bias

| PERSON(S) | PERSON TYPE | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|

1  JOSHUA L                                  M    W    28

| DRUG(S) | PROPERTY # | STATUS |
|---|---|---|

1  Marijuana                          01-723-PR            Seized (Not Previously Stolen)
       QUANTITY: 1.000 (Not Available at This Time) VALUE: $20.00       DATE: 03/29/2001
eized (Not Previously Stolen)                      LAB#:    011748        ANALYSIS:
ave bean
       OWNER: WEBBER, JENNIFER L

2  Other Hallucinogens, ECSTACY, 2-007, 23-E   01-725-PR            Seized (Not Previously Stolen)
       QUANTITY: 25.000 (Dosage of Units/Items)  VALUE: $125.00       DATE: 03/29/2001
eized (Not Previously Stolen)                      LAB#:    011748        ANALYSIS:
ave bean
       OWNER: WEBBER, JENNIFER L

OFFICE OF
# CLERK OF SUPERIOR COURT
STRAFFORD COUNTY

GRIMES JUSTICE AND
ADMINISTRATION BUILDING
P.O. BOX 799
DOVER, NEW HAMPSHIRE
03821-0799

JULIE W. HOWARD, CLERK
SUSAN W. ASHLEY, DEPUTY CLERK
SUZANNE R. DOYLE, DEPUTY CLERK

(603) 742-3065

July 12, 2002

Janice K. Rundles, Esq.
Strafford County Attorney
P.O. Box 799
Dover, New Hampshire 03821-0799

    Re:  **Boundover on Jennifer L. Webber**
         **Docket Number: 02-S-641-BO**

Dear Attorney Rundles:

    We have recently opened a file on the enclosed boundover from
the Rochester District Court on the above-referenced individual
which we received on 9/7/01.  Please indicate, in writing, whether
or not you intend to indict this individual for the offense charged
or a similar offense.  If we do not hear from you within **30 days**,
the case will be dismissed without prejudice for lack of
prosecution.

    Thank you for your attention.

                                    Very truly yours,

                                    Susan W. Ashley
                                    Deputy Clerk

SWA/jsm

THE STATE OF NEW HAMPSHIRE

STRAFFORD COUNTY                                    SUPERIOR COURT

The State of New Hampshire

v.

JENNIFER L. WEBBER

Docket Number:  02-S-0641-BO

### ORDER

On 9/7/01, the above-captioned defendant was bound over to this Court from the District Court for trial.  To date, the defendant has not been indicted.  This case is dismissed without prejudice for lack of prosecution and the cash bail or corporate surety bond, as applicable, is released.

_____8/21/0___                          _____DD O'N____
Date                                       Presiding Justice

                                          James D. O'Neill, III
                                          Presiding Justice

# The State of New Hampshire

rafford County                         **Superior Court**                         No. 02-S-0641-BO

## RETURN FROM SUPERIOR COURT

me: JENNIFER L. WEBBER, 17 MARKET STREET, SOMERSWORTH, NH                    DOB: 5/5/74

☐ Indictment   ☐ Waiver   ☐ Information   ☒ Complaint

ffense: POSS. OF A CONTROLLED DRUG    RSA: 318-B:2                    Date: 3/29/01

sposition:   ☐ Not Guilty    ☐ Nol Pros       ☐ Remand
             ☐ Annulled     ☒ Dismissed

                                                                    T/N: N/A

ate: 8/21/02

y:  ☒ Judge·  ☐ Jury   ☐ Prosecutor   ☐ Defendant

lame of Judge : Hon. James D. O'Neill, III

c:  ☒ State Police         ☒ Dept. of Corr.         ☒ Defendant
    ☒ Pros. Attorney       ☒ Layne Lohr, Esq.       ☒ Rochester Dist. CT
                                                       (RE: 01-CR-1094)

DISPOSITION/MITTIMUS



# Somersworth Police Department

5 Main Street    P.O. Box 730
Somersworth, New Hampshire  03878-0730
Business  (603) 692-3131    Fax  (603) 692-2111

Dean W. Crombie
Chief of Police

# *FAX TRANSMITTAL COVER SHEET*

AGENCY NAME: _US Attorney's Office_

CONTACT NAME: _Mark Howard_

FAX NUMBER: _235-1470_

SENDER: _ʔL_

DESCRIPTION: _Right to Know Request +_
_Motion For Records_

_____

_____

NO. OF PAGES NOT INCLUDING COVER: _6_

DATE SENT: _11/22/05_    TIME SENT: _1340_

IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION, PLEASE CALL
_ʔL_ IMMEDIATELY.

CONFIDENTIALITY NOTICE:

THIS FACSIMILE TRANSMISSION AND/OR DOCUMENTS ACCOMPANYING IT MAY CONTAIN CONFIDENTIAL INFORMATION BELONGING TO THE SENDER WHICH IS PROTECTED BY THE ATTORNEY/CLIENT PRIVILEGE. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS INFORMATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE TO ARRANGE FOR THE RETURN OF THE DOCUMENTS.