**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| **CARLOS LOPEZ**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No.: 07-2002 (RMU) |
| | ) |
| **EXECUTIVE OFFICE FOR THE** | ) |
| **UNITED STATES ATTORNEYS**, | ) |
| | ) |
| Defendant. | ) |
| | ) |

---

**DEFENDANT'S OPPOSITION TO**
**MOTION TO COMPEL**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, and pertains to the processing of plaintiff's FOIA request by the Defendant Executive Office for the United States Attorneys ("EOUSA").  Plaintiff sought the following records in his FOIA request of August 7, 2006:

> [A]ll and any records both maintained and nonmaintained on file relating to my arrest and prosecution on federal narcotic and firearm violations in the State of New Hampshire... In particular, I seek copies of Special Agent (SA) Steven Story, SA Norman Houle, and SA Edward Bals' investigation reports made on this matter.

In response to plaintiff's FOIA request, EOUSA released records to plaintiff in full, and in part.  Certain information was withheld  pursuant to 5 U.S.C. §§ 552(b)(3), F.R.C.P. 6(e) and 5 U.S.C. App. 4 § 107(a), (b)(5), (b)(7)(C),and 5 U.S.C. § 552a(j)(2).  EOUSA advised plaintiff that because he is an inmate in a federal correctional facility, access to his PSR would be granted in accordance with the policies of the Federal Bureau of Prisons.  Accordingly, EOUSA advised plaintiff to contact his Unit Team with regard to accessing his PSR.  EOUSA also referred records containing

1

responsive material to other agencies for processing and direct response to plaintiff. Defendant moved for summary judgment on February 6, 2008. Plaintiff's opposition is due on March 31, 2008.

Plaintiff now seeks an order compelling defendant to produce all records concerning "the investigation, surveillance, arrest and prosecution of [his] criminal case." Mot. at 1. Plaintiff's purported motion to compel, entitled "Request for Production of Documents" is the first time the plaintiff has directed discovery requests to defendant. Except for the citation to Rule 34, which pertains to producing documents, plaintiff does not explain why he is entitled to discovery. He explains that he needs the records to exonerate himself from a criminal conviction that allegedly was the result of perjured testimony by police officials. Mot. at 3-5.

Generally, a plaintiff is not entitled to discovery in a FOIA lawsuit. *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003)("Discovery is generally unavailable in FOIA actions."); *Judicial Watch, Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000)("[D]iscovery in a FOIA action is generally inappropriate.); *Pub. Citizen Health Research Group v. FDA*, 997 F.Supp. 56, 72 (D.D.C. 1998)("Discovery is to be sparingly granted in FOIA actions."), *aff'd in part, rev'd in part & remanded*, 185 F.3d 898 (D.C. Cir. 1999).

Whether discovery is permitted, and under what conditions, is vested in the discretion of the trial court. *Meeropol v. Meese*, 790 F. 2d 942, 960-61 (D.C. Cir. 1986). District court rulings on discovery will be disturbed on appeal only for an abuse of discretion. *Tax Analysts v. IRS*, 410 F. 3d 715 (D.C. Cir. 2005). Discovery should be denied altogether if the court is satisfied from the agency's affidavits that there are no factual disputes to be resolved. Before a plaintiff is permitted discovery, he must explain to the court precisely how the sought-after information will lead to a genuine issue in dispute so as to preclude summary judgment. *Morley v. CIA*, No. 03-2545, 2006

WL 280645, at *2 (D.D.C. Feb. 6, 2006)(plaintiff's 56(f) declaration fails to address plaintiff's inability to file his opposition to defendant's motion for summary judgment; thus, no basis for discovery.); *Judicial Watch Inc. v. U.S. Dep't of Justice*, No. 99-1883, slip op. at 16 (D.D.C. June 9, 2005)(plaintiff fails to demonstrate need for discovery.); *Ctr. for Nat'l Sec. Studies v. Dep't of Justice*, No. 01-2500 U.S. Dist. LEXIS 2983, at *5 (D.D.C. Feb. 21, 2002)(plaintiff must demonstrate that without discovery he cannot oppose motion for summary judgment)(*quoting Carpenter v. Fed. Nat'l Mortgage Ass'n*, 174 F. 3d 231, 237 (D.C. Cir. 1999), *rev'd on other grounds*, 331 F. 3d 918 (D.C. Cir. 2003); *Code v. FBI*, No. 95-1892, 1997 WL 150070, at *8 (D.D.C. Mar. 26, 1997)(citing *Strang v. U.S. Arms Control & Disarm. Agency*, 864 F. 2d 859, 861 (D.C. Cir. 1989)); *SMS Data Prod. Group v. U.S. Dep't of the Air Force*, No. 88-0481, 1989 WL 201031, at *5 (D.D.C. May 11, 1989)("In the absence of substantial questions concerning the substantive content of defendant's affidavits, discovery is inappropriate."); *accord* Fed. R. Civ. P. 56(f) describing procedure for summary judgment when affidavits are unavailable).

In addition, a plaintiff should not be permitted to use discovery to obtain documents that are the very subject of his FOIA request. *Tax Analysts v. IRS*, 410 F. 3d at 722. This would have the effect of "turn[ing] FOIA on its head...". *Id*. "The courts must not grant FOIA plaintiffs discovery that would be 'tantamount to granting the final relief sought.' *Military Audit Project v. Casey*, 656 F. 2d 724, 734 (D.C. Cir. 1981)," *citing Cheney v. United States Dist. Court*, 542 U.S. 367, (2004).

Here plaintiff seeks to compel the production of the very same records that he seeks in his FOIA lawsuit. He seeks an order compelling defendant to produce all records concerning "the investigation, surveillance, arrest and prosecution of [his] criminal case." He does not explain, as he must, in order to be entitled to discovery, how the specific discovery that he requests will assist

3

him in demonstrating a genuine issue of fact that is material to the pending summary judgment

motion.  Indeed, were defendant compelled to produce these records in discovery, the FOIA case

would be moot, and defendant would have been deprived of the opportunity to justify the proper

withholding of records based upon the FOIA exemptions.  Under these circumstances, plaintiff's

motion to compel the production of documents should be denied and his request for documents

should be addressed in the context of the summary judgment briefing in this case.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that plaintiff's motion to

compel be denied.


Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
CHARLOTTE A. ABEL, D.C. BAR #388582
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, NW
Washington, D.C. 20530
(202) 307-2332

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of March, 2008 a copy of the foregoing *Opposition to Plaintiff's Motion to Compel,* together with a proposed *Order*, were  served upon plaintiff in *pro se* by depositing a copy of the foregoing in the U.S. Mail, first class postage prepaid, addressed to:

> CARLOS LOPEZ
> R03010-049
> Devens Federal Medical Center
> Inmate Mail/Parcels
> P.O. Box 879
> Ayers, MA 01432

> \_\_/s/_____
> CHARLOTTE A. ABEL
> Assistant United States Attorney