UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

RECEIVED
MAY - 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CARLOS LOPEZ
    Plaintiff,

v.                          Civil Action No. 1:07-cv-02002-RMU

EXECUTIVE OFFICE FOR
UNITED STATES ATTORNEYS
    Defendants,

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW COMES Carlos Lopez (Hereinafter "Plaintiff"), proceeding pro se, and opposes the Defendants' motion for summary judgment. As reasons therefore, Plaintiff says as follows:

**Relevant Procedural History:**

On November 6, 2007, Plaintiff filed a Complaint before the Court stating the Defendants violated the Freedom of Information Act, 5 U.S.C § 552 et seq., by failing to provide your Plaintiff with his requested documents.

On November 20, 2007, a service of Summons and Complaint was executed on the Defendants.

On December 21, 2007, in an attempt to ameliorate the damages contained in Plaintiff's civil action, the Defendants made a limited disclosure of the documents in their possession relating to the investigation and prosecution of Plaintiff's 2001 criminal case. It should be noted that at least an additional 607 pages of reports and documents were withheld by the Defendants and their sub-agencies.

(1)

On January 3, 2008, Defendants filed their Answer to Plaintiff's Complaint. The Defendants concede to the allegations contained in the Complaint, but contest Plaintiff's requested relief. Furthermore, the Defendants noted that additional documents were withheld. See, Answer to Complaint at ¶7.

On February 6, 2008, Defendants moved for summary judgment.

**Standards of Review:**

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-21 (1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim in which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); Smith v. U.S. District Court, 956 F.2d 295 (D.C. Cir. 1992). Because your Plaintiff in the immediate case is a pro se litigant, this Court should consider facts and make inferences where it is appropriate.

**Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56:**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers

to interrogatories, and admission of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the that moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegation or denials of an adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment of the defendant when the plaintiff has failed to present any genuine issues of material fact. See, Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claim. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Further, Rule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact to demand at least one sworn avernment of that fact before the lengthy process of litigation continues. Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shift to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must go beyond the pleadings and show specific facts by affidavit

(3)

or by information contained in the filed documents to meet his burden of proving elements essential to his claim. Celotex Corp. v. Catrell, 477 U.S. 317, 322 (1986).

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Although the Court must resolve any doubts as to the existence of genuine issues of facts against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-49.

**Argument:**

In 2001, Plaintiff was arrested in Portsmouth, New Hampshire and subsequently convicted in the United States District Court for federal narcotic and firearm violations. He was sentenced to 25-years imprisonment. Plaintiff maintains his innocence towards the charges contained in his federal indictment and repeatedly challenged his conviction through all available avenues. See generally, United States v. Lopez, 380 F.3d 538 (1st Cir. 2004); Lopez v. United States, US No. 004-7325; Lopez v. United States, No. 06-cv-0004-SM (unpublished).

Plaintiff filed numerous requests to State agencies pursuant to New Hampshire's Right-to-Know law, RSA 91-A et seq. Your Plaintiff was granted disclosure and obtained documents that support that the

government's confidential informant, Jennifer Webber, supplied perjurious testimony during Plaintiff's criminal trial in violation of 18 U.S.C § 1623(a).

Subsequently, Plaintiff filed a civil action against the officers involved in his case. Your Plaintiff also sought habeas relief from his sentencing court on two substantial grounds: (1) a government witness committed perjury, and (2) the government violated Plaintiff's due process rights as defined by Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972). See also, United States v. Osorio, 929 F.2d 753, 761-62 (1st Cir. 1991).

The U.S. Magistrate reviewed Plaintiff's civil complaint, trial transcripts, and documents supplied by N.H. State agencies. The court issued his findings of fact. The court explained that your Plaintiff's claims are barred by Heck v. Humphry, 512 U.S. 477 (1994), and dismissed the case for lack of subject-matter-jurisdiction. The court invited your Plaintiff to return with his action once his federal conviction is vacated. Lopez v. Somersworth P.D., et al., No. 06-cv-305-PB.

Plaintiff's habeas petition was transferred to the United States Court of Appeals for the First Circuit. Unfortunately, the Circuit Court decided that the documents supplied by the N.H. State agencies were not enough to grant your Plaintiff leave to file a successive 28 U.S.C § 2255 petition. Lopez v. United States, Appeal No. 07-1299.

Upon the conclusion of the aforementioned actions, Plaintiff followed up with the immediate civil action against the Defendants for their refusal to comply with their disclosure policies under

the Freedom of Information Act. It should be noted that your Plaintiff properly filed for a "project request" under FOIA, provided the Defendants with the required affirmation that Plaintiff will satisfy their fees, and waited longer than the allotted period of time. Plaintiff contacted the Defendants numerous times requesting a status update and supplied them with Plaintiff's change of address, all to no avail. The Defendants ultimately refused to disclose their files regarding Plaintiff's criminal case.

Plaintiff seeks disclosure of Defendants' file. In particular, Plaintiff seeks disclosure of information regarding the confidential informant involved in his criminal case. The Defendants claim that the documents in their file are exempt from disclosure because they involve personal and identifying information of a third party. Defendants' proposed exemptions and reason to withhold Plaintiff's requested information is flawed.

First, the confidential informant, Jennifer Webber, testified during Plaintiff's criminal trial. Both her identity and role in the case was previously disclosed to the U.S. District Court, the defense, and the public. Your Plaintiff was arrested seven (7) years ago and there is no ongoing investigation. Therefore, there is no need for the Defendants to maintain Ms. Webber's identity a secret nor is there any legitimate reason to require the Defendants to withhold their records.

Second, as the Defendants should clearly know, "[t]he focus in the FOIA is information, not documents, and [the Defendants] cannot justify withholding an entire document simply by showing that it contains some exempt material." Mead Data Central, Inc. v. U.S. Dep't

(6)

of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977). This holds true in the immediate case.

Plaintiff seeks the following information: (1) Was the government aware that their main witness, Jennifer Webber, had a felony drug case pending while she served as their confidential informant? (2) Did the government, or any of its employees, have contact with any State of New Hampshire employee regarding Ms. Webber or her then-pending felony cases in Strafford County Superior Court? and (3) Whether Ms. Webber was the recipient of favorable treatment on behest of the government for cooperating as their witness and/or serving as a confidential informant.

It is of paramount importance that the Court order the Defendants to disclose this information and provide your Plaintiff with their withheld documents. It is unjust to allow the Defendant to withhold this information and allow Ms. Webber's perjured testimony to go uncorrected. Aside from Defendants' legal arguments, the sole support regarding the context of the withheld documents and their exemption, was provided by an affidavit from Karen M. Finnegan along with a brief description of the documents available in the Vaughn indices. This is **not** enough. It is possible that your Plaintiff may remain in federal prison, for the next 18 years, for a conviction that is grounded on perjured testimony knowingly introduced by the government See, Mooney v. Holohan, 294 U.S. 103, 112 (1935)(per curiam); Brown v. Mississippi, 297 U.S. 278, 286 (1936); Pyle v. Kansas, 317 U.S. 213, 216 (1942); and Limone v. Condon, 372 F.3d 39 (1st Cir. 2004).

The Freedom of Information Act was conceived in "effort to permit

(7)

access by the citizenry to <u>most</u> forms of government records...[T]he Act provides that all documents are available to the public unless specifically exempted by the Act itself." <u>Vaughn v. Rosen</u>, 484 F.2d 820, 823 (D.C. Cir. 1973)(emphasis added). There are numerous exemptions to the Act that are available to the government. Some of the exemptions are used, legitimately. While others are abused, particularly. In the immediate case, Plaintiff is not requesting access to a person's medical records or privileged Executive information. Plaintiff reasonably seeks information about any direct or indirect benefit Jennifer Webber received for her cooperation with local and federal law enforcement. This withheld information is crucial to Plaintiff's criminal case.

In <u>Vaughn v. Rosen</u>, supra, the Circuit Court introduced the procedure of requiring an agency to provide an index of the documents in their possession, and explained that a court may inspect the documents, <u>in camera</u>, to determine if they are properly withheld. <u>Id</u>. at 826-27. The Circuit Court cautioned that an <u>in camera</u> inspection may be burdensome, however, "[s]uch an investment of judicial energy might be justified to determine some issues." <u>Id</u>. at 825.

It is respectfully submitted that the Honorable Court should exercise its discretion to inspect the documents withheld by the Defendants to learn if any of them contain information relevant to Ms. Webber and/or the State of New Hampshire. The Court's inspection is to include, but not limited to the following <u>Vaughn</u> index entries: Numbers 1, 3, 4, 5, 13, 14, 15, 16, 17, 18, 25, 28, 30, 31, 33, 34, 35, 36, 42, 61, 87, 88, 89, 90, 94, 1-S.

In sum, the Honorable Court should deny Defendant's motion for summary judgement. It is clear that there is a "genuine issue" to be resolved in the immediate civil action that lends to the disposition of Plaintiff's criminal case and safe-guards the integrity of the judicial process.

## II. THE DEFENDANTS ARE RESPONSIBLE FOR PLAINTIFF'S COURT COSTS AND FEES ASSOCIATED WITH THE IMMEDIATE CIVIL ACTION.

Notwithstanding the above, the Court should deny Defendants' motion for summary judgement because there remains an "issue" relating to Plaintiff's costs incurred during the filing and litigation of the immediate case.

The Defendants refused to comply with the parameters of the Freedom of Information Act, 5 U.S.C § 552(a). The Defendants' refusal forced your Plaintiff to file this action before the Court. In accordance with the Prison Litigation Reform Act, Plaintiff paid the court's initial filing fee and has continued to comply with PLRA's requirements by forwarding 20% of his income to the court.[*] Plaintiff must satisfy the court's $350.00 filing fee.

On December 21, 2007, after being served with Plaintiff's civil complaint, the Defendants made a limited disclosure of the documents in their possession. Defendants requested your Plaintiff to pay them a fee of $140.10 for the documents.

To the date of filing, Plaintiff's costs and legal fees total $490.10. It is of **no consequence** that your Plaintiff has to pay

---

[*] The FMC-Devens Administration activated a code in their Inmate Funds Account system which automatically deducts 20% of Plaintiff's monthly income. This deduction is made in addition to Plaintiff's monthly $25.00 assessment fine, collected under FMC-Devens' Federal Restitution Program.

these additional costs. Plaintiff was forced to file the immediate civil action, as a direct result of Defendants' in-action. Therefore, The Honorable Court should deny Defendants' motion for summary judgement and Order the Defendants to pay all of the costs associated with the filing and litigation of the immediate case.

**Wherefore**, for the foregoing reasons, Defendants' motion for summary judgement should be DENIED.

Respectfully submitted,

Dated: 5/1/08

Carlos Lopez
Reg. No. 03010-049
FMC-Devens, Unit H-A
P.O. Box 879
Ayer, Massachusetts 01432

### CERTIFICATE OF SERVICE

I, Carlos Lopez, hereby certify that a true copy of the foregoing **PLAINTIFF'S OPPOSITION** has on this date been served upon Charlotte A. Abel, A.U.S.A, by depositing a copy in the U.S. mails, postage prepaid, addressed as follows:

Charlotte A. Abel, A.U.S.A
United States Attorney's Office
555 Fourth Street, NW
Washington, D.C. 20530

Dated: 5/1/08

(10)