UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS LOPEZ, ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | Civ. No. 1:07-cv-02002 (RMU) |
| ) | |
| ) | |
| EXECUTIVE OFFICE FOR ) | |
| UNITED STATES ATTORNEYS, ) | |
| ) | |
| DEFENDANT ) | |
| _____ ) | |

**DEFENDANT EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS' REPLY
TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**Preliminary Statement**

Plaintiff commenced this action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking access to records from the Executive Office for United States Attorneys (EOUSA), a component of the Department of Justice, pertaining to himself. Specifically, plaintiff seeks access to the following:

> "all and any records both maintained and nonmaintained on file relating to my arrest and prosecution for federal firearm violations in the State of New Hampshire . . . In particular, seek copies of Special Agent (SA) Steve Story, SA Norman Houle, and SA Edward Bals' investigation reports made on this matter."

By letter dated December 21, 2007, EOUSA made a partial release of responsive material to plaintiff withholding certain information pursuant to FOIA Exemptions 3, 5, 7(C), and Privacy Act exemption (j)(2), 5 U.S.C. §§ 552(b)(3), (b)(5), and (b)(7)(C), and 5 U.S.C. § 552a(j)(2). In this letter EOUSA also advised plaintiff that a copy of his Presentence Investigation Report

("PSR") was contained in his file in the United States Attorney's Office for the District of New Hampshire ("USAO DNH") and that pursuant to the policies of the Federal Bureau of Prisons he should contact his Unit Team at his correctional facility with regard to his PSR.

On February 6, 2008, defendant moved for summary judgment on the grounds that EOUSA met its obligations under the FOIA because it has provided plaintiff with all reasonably segregable non-exempt information to which he is entitled.  On May 5, 2008, plaintiff filed an opposition to defendant's motion for summary judgment contending the EOUSA improperly withheld information pertaining to a confidential informant and that EOUSA submitted an insufficient Vaughn Index.  In accordance with Local Civil Rule 7(d), defendant now files this reply to plaintiff's opposition and in support of its motion for summary judgment.

Based upon the defendant's motion for summary judgment and the accompanying declaration of Karen M. Finnegan, Attorney Advisor, EOUSA, filed on February 6, 2008, the entire record herein, and for the reasons set forth below, defendant respectfully suggests that plaintiff's arguments are without legal merit and that defendant is entitled to summary judgment as a matter of law.

## Argument

### I.  EOUSA Properly Withheld Information Pertaining To Third Parties

Plaintiff argues that EOUSA's decision to withhold "personal and identifying information of a third party" is flawed because the identity and role of the confidential informant that testified during plaintiff's criminal trial has been publicly disclosed.  (See Plaintiff's Opp. at 6).  As a result, plaintiff concludes that "there is no need nor [] any legitimate reason to require the Defendants to withhold their [sic] records."  See id.

In this case EOUSA has not asserted Exemption 7(D) to protect information pertaining to a confidential informant. (See Defendant's Motion for Summary Judgment at 6-31 and Exhibit H.) EOUSA has properly asserted FOIA Exemptions 6 and 7(C) to withhold information pertaining to all third-party individuals named in the responsive records. See id. The case law has long recognized, either expressly or implicitly, that "the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation." Fitzgibbon v. CIA, 911 F.2d 755, 767 (D.C. Cir. 1990) (quoting Branch v. FBI, 658 F. Supp. 204, 209 (D.D.C. 1987)). Consequently, there is a protectible privacy interest in the identities of individuals who are mentioned in law enforcement records to avoid subjecting them to embarrassment and harassment. See Massey v. FBI, 3 F.3d 620, 624 (2d Cir. 1993) (declaring that disclosure of names of cooperating witnesses and third parties, including cooperating law enforcement officials, could subject them to "embarrassment and harassment"); McDonnell v. United States, 4 F.3d 1227, 1256 (3d Cir. 1993) (protecting identities of witnesses and third parties involved in criminal investigation of maritime disaster), *questioned on other grounds in* Campbell v. U.S. Dept. of Justice, 164 F. 3d 20, 33-34 (D.C. Cir. 1998); Holy Spirit Ass'n v. FBI, 683 F. 2d 562, 564-65 (D.C. Cir. 1982) (concurring opinion) (citing "risk of harassment" and fear of reprisals).

Third party individuals have a strong privacy interest in law enforcement records in which they are named. See Fitzgibbon, 911 F.2d at 767 ( finding that individuals, whether they be suspects, witnesses, or investigators, have a strong interest in not being associated with alleged criminal activity). In addition, persons mentioned in law enforcement records do not lose all their rights to privacy merely because their names have been previously disclosed. See Jones v. FBI,

41 F.3d 238, 247 (6th Cir. 1994) (fact that law enforcement employee chose to testify or was required to testify or otherwise come forward in other settings does not amount to personal privacy waiver); Wiggins v. Nat'l Credit Union Admin., No. 05-2332, 2007 U.S. Dist. LEXIS 6367, at *21 (D.D.C. Jan. 30, 2007) (fact that identities of third parties were disclosed in a related criminal trial does not diminish privacy interest); Odle v. Dep't of Justice, No. 05-2711, 2006 WL 1344813, at *10 (N.D.Cal. May 17, 2005) (finding that public's knowledge of subject's involvement in trial does not eliminate any privacy interest in further disclosure). Information pertaining to witnesses is also properly protectible under Exemption 7(C). See Spirko v. USPS, 147 F.3d 992, 998-99 (D.C. Cir. 1998) (protecting notes concerning witnesses); Computer Prof'ls for Soc. Responsibility v. U.S. Secret Service, 72 F. 3d 897, 904 (D.C. Cir. 1996) (protecting names of witnesses).

    Plaintiff's criminal prosecution occurred 7 years ago; therefore, the information pertaining to this prosecution is now practically obscure, which may actually serve to increase the third parties' privacy interests because disclosure now may revive information that was once public knowledge but has since faded from memory. See United States Dep't of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 767 (1989). Most courts have repeatedly recognized that the passage of time will not ordinarily diminish the applicability of Exemption 7(C). See Keys v. U.S. Dep't of Justice, 830 F.2d 337, 348 (D.C. Cir. 1987) (holding that passage of forty years did not "dilute the privacy interest as to tip the balance the other way"); Sinto v. U.S. Dep't of Justice, No. 87-0814, 2000 U.S. Dist. LEXIS 22504, at *35 (D.D.C. July 12, 2000) (concluding that the "passage of time ordinarily does not diminish the applicability of Exemption 7(C)").

In balancing the strong privacy interest that third parties have in law enforcement records against any public interest in disclosure, EOUSA determined that there is no legitimate public interest that outweighed this privacy interest because the identities of private citizens named in law enforcement records will not shed light on the operations and activities of the government. See Reporters Comm., 489 U.S. at 780. Notably, plaintiff does not argue that there is any legitimate public interest in disclosure of information related to "the confidential informant involved in his criminal case," instead, plaintiff merely alleges that a witness gave perjured trial testimony and concludes that the government had knowledge of the alleged perjury. (See Plaintiff's Opp. at 6-7).

In NARA v. Favish, 541 U.S. 157 (2004), the Supreme Court held that "bare suspicion" is completely inadequate to establish public interest, and that a requester must produce evidence that would be credible in the eyes of a reasonable person. See id., 541 U.S. at 172. If plaintiff is actually asserting that there is some type of government misconduct that occurred, then the Favish public interest standard requires plaintiff to make a "meaningful evidentiary showing" to provide even a public interest "counterweight" to the privacy interest and require a balancing of the two. See id. at 173-75. Additionally, plaintiff must establish some "nexus" between the requested documents and the asserted "significant" public interest in disclosure. See id at 175. EOUSA contends that plaintiff has made neither a meaningful evidentiary showing of public interest, nor has he shown any nexus between the requested documents and any public interest in disclosure. Plaintiff has failed to meet the Favish public interest standard.

Furthermore, if plaintiff is arguing that the requested information will prove that the government had knowledge of the alleged perjury it is unclear how the requested information

would shed any light on how the government routinely handles witnesses. The D.C. Circuit ruled in Oguaju v. United States, 288 F.3d 448 (D.C. Cir. 2002), *cert. granted, judgment vacated on other grounds, judgment reinstated in* Oguaju v. U.S., 378 F. 3d 1115 (D.C. Cir. 2004), that even if the requested records revealed wrongdoing in the requester's case, "exposing a single, garden-variety act of misconduct would not serve the FOIA's purpose of showing 'what the Government is up to.'" Oguaju at 451 (citing Reporters Comm. at 780).

## II. EOUSA's Vaughn Index is Sufficient

Plaintiff argues that EOUSA's Vaughn Index contained a brief description of the documents and contends that this was not sufficient. (See Plaintiff's Opp. at 7). Plaintiff does not explain why he believes that the index is not sufficient, or state that after reading EOUSA's Vaughn Index he was unable to ascertain why each document or portion of a document was withheld as exempt from disclosure. A Vaughn index allows the trial court "to make a rational decision [about] whether the withheld material must be produced without actually viewing the documents themselves . . . [and] to produce a record that will render [its] decision capable of meaningful review on appeal." King v. U.S. Dep't of Justice, 830 F.2d 210, 219 (D.C. Cir. 1987). There is no set formula for a Vaughn index and the sufficiency of a Vaughn index is not determined by reference to the length of its document descriptions. See Judicial Watch v. FDA, 449 F.3d 141, 146 (D.C. Cir. 2006) ("[W]e focus on the functions of the Vaughn index, not the length of the document descriptions, as the touchstone of our analysis."); Gallant v. NLRB, 26 F.3d 168, 172-73 (D.C. Cir. 1994) (holding that justification for withholding provided by agency may take any form as long as agency offers "reasonable basis to evaluate [it]s claim of privilege").

EOUSA's Vaughn Index provides, where relevant, the date, source, recipient, subject

matter and nature of each document or portion of a document determined to be exempt from disclosure  See St. Andrews Park, Inc. v. U.S. Dep't of Army Corps of Engineers, 299 F. Supp. 2d 1264, 1271 (S.D. Fla. 2003); see also Defendant's Motion for Summary Judgment, Exhibit A. EOUSA's description of the content of each document or portion of a document is sufficient to allow its exemption use to be tested.  See Edmonds Inst. v. U.S. Dep't of the Interior, 383 F. Supp. 2d 105, 109 (D.D.C. 2005); see also Cole v. U.S. Dep't of Justice, No. 05-674, 2006 WL 2792681, at *5 (D.D.C. Sept. 27, 2006) (noting that index specified: "(1) the type of document, (2) the exact location of the withheld information, (3) the applicable FOIA exemptions for all withheld information, and (4) a brief description of the withheld information").  When an agency's index meets these criteria, it is "accorded a presumption of good faith."  Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994).

     If a court finds that an index is not sufficiently detailed, it should require one that is more detailed.  See Antonelli v. ATF, No. 04-1180, 2005 WL 3276222, at *9 n. 8 (D.D.C. Aug. 16, 2005).  Alternatively, if a Vaughn index is inadequate to support withholding, it may be supplemented through the court's in camera review of the withheld material.  Plaintiff has failed to identify any specific deficiency in EOUSA's Vaughn index.  Accordingly, because EOUSA's Vaughn index is sufficiently detailed and meets the above-mentioned criteria for an adequate Vaughn index, the Court should deny plaintiff's request for an in camera inspection of documents. See Carbe v. ATF, No. 03-1658, 2004 WL 2051359, at *8 n.5 (D.D.C. Aug. 12, 2004) (denying plaintiff's request for in camera inspection, because Vaughn index adequately described withheld information); Twist v. Ashcroft, 329 F. Supp. 2d 50, 54 (D.D.C. 2004) (finding in camera review of the withheld documents (or of the portions withheld) is proper if the agency affidavits are

insufficiently detailed to permit review of exemption claims[.]"), aff'd per curiam on other grounds, 171 F. App'x 855 (D.C. Cir. Nov. 16, 2004).

### III. Plaintiff Is Not Entitled To Receive Costs

Plaintiff argues that EOUSA should "pay all of the costs associated with the filing and litigation of the immediate case" because he was "forced to file the immediate civil action, as a direct result of Defendants' [sic] inaction." (See Plaintiff's Opp. at 9-10.) Plaintiff argues that defendant should pay costs to include the "court's initial filing fee" of $350 and the $140.10 in processing fees incurred as a result of processing his request. (See Plaintiff's Opp. at 9.)

The FOIA's "fee-shifting" provision permits an award of reasonable attorney fees and litigation costs to a plaintiff who has "substantially prevailed." 5 U.S.C. § 552(a)(4)(E); see e.g., Tax Analysts v. U.S. Dep't of Justice, 965 F.2d 1092, 1093 (D.C. Cir. 1992). A court may award attorney fees and costs after determining if the plaintiff (1) is eligible for an award of fees and/or costs; and (2) is entitled to the award. See 5 U.S.C. § 552(a)(4)(E). A pro se plaintiff is not entitled to attorney fees. See Kay v. Ehrler, 499 U.S. 432 (1991). The costs in a FOIA case include photocopying, postage, typing, transcription, parking, and transportation expenses, in addition to routine filing fees and marshals' fees paid at the trial level. See Kuzma v. IRS, 821 F.2d at 930, 931-34 (2d Cir. 1987). In this case, defendant's motion for summary judgment is currently pending with the Court; therefore, plaintiff's request for costs is premature.

Plaintiff's claim that defendant should pay the processing fees incurred in processing his request is without merit. First, EOUSA has no record of receiving payment from plaintiff with regard to the assessed processing fees, so he has not actually incurred this expense. Second, the FOIA's "fee-shifting" provision does not apply to costs incurred in the administrative stage of the

FOIA process. See, e.g., Nw. Coal. For Alternatives to Pesticides v. EPA, 965 F. Supp. 59, 65 (D.D.C. 1997). Furthermore, plaintiff never requested a fee waiver, and defendant contends that he does not meet the statutory requirements for a fee waiver. Moreover, plaintiff agreed in writing to pay fees up to $50.00 in connection with processing his request. (See Defendant's Motion for Summary Judgment, Exhibit B.)

### Conclusion

For the foregoing reasons, and based upon the entire record, defendant respectfully submits that its Motion for Summary Judgment should be granted.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR D.C. BAR #498610
United States Attorney

/s/
RUDOLPH CONTRERAS D.C. BAR #434122
Assistant United States Attorney

/s/
CHARLOTTE A. ABEL, D.C. BAR #388582
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, NW
Washington, D.C. 20530
(202) 307-2332

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 30th day of May, 2008, a copy of the foregoing Reply was mailed, postage prepaid, to plaintiff, <u>pro se</u> at the following address:

Carlos Lopez
#03010-049
FMC-Devens, P.O. Box 879
Ayer, Massachusetts 01432

                                                 /s/
                                      CHARLOTTE A. ABEL, D.C. Bar #388582
                                      Assistant United States Attorney
                                      Judiciary Center Building, 10th Floor
                                      555 4th Street, NW
                                      Washington, D.C. 20530