UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| CARLOS LOPEZ, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 07-2002 (RMU) |
| | : | | |
| v. | : | Document No.: | 11 |
| | : | | |
| EXECUTIVE OFFICE FOR THE | : | | |
| UNITED STATES ATTORNEYS, | : | | |
| | : | | |
| Defendant. | : | | |

MEMORANDUM OPINION

GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I.  INTRODUCTION

The plaintiff, Carlos Lopez, filed this suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  The defendant, the Executive Office of the U.S. Attorneys ("EOUSA"), filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, which the plaintiff has opposed.  Because there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law, the court grants the defendant summary judgment.

II.  BACKGROUND

Lopez was arrested in 2001 on federal narcotics and firearms charges, having been identified by a confidential informant, Jennifer Webber, who later testified against him at his trial in 2003.  Lopez, who is currently incarcerated after having been convicted of the charges

stemming from that arrest, submitted a FOIA request to EOUSA asking for "all and any records . . . relating to my arrest and prosecution on federal narcotic and firearm violations in the State of New Hampshire[,]" and in particular seeking "copies of Special Agent (SA) Steven Story, SA Norman Houle, and SA Edward Bals' investigation reports made on this matter." *See* Def.'s Mot. for Summ. J. ("Def.'s Mot."), Ex. B. The purpose of his FOIA request was to obtain information that would provide answers to the following questions about Webber:

> (1) Was the government aware that their main witness, Jennifer Webber, had a felony drug case pending while she served as their confidential informant?
> (2) Did the government, or any of its employees, have contact with any State of New Hampshire employee regarding Ms. Webber or her then-pending felony cases in Strafford County Superior Court? and (3) Whether Ms. Webber was the recipient of favorable treatment on behest of the government for cooperating as their witness and/or serving as a confidential informant.

Pl.'s Opp'n at 7. Lopez asserts that Webber gave false testimony about the status of state criminal charges pending against her at the time she testified against Lopez. Affidavit of Carlos Lopez ("Lopez Aff.") ¶ 13. He further asserts that the government failed to disclose to the defense an alleged "'deal' made with Ms. Webber to secure her assistance and testimony." *Id.* ¶ 14.

Lopez made his FOIA request by letter in August 2006. In November 2007, having received no documents in response to his request, Lopez initiated this action. By letter dated December 21, 2007, the defendant reported to the plaintiff that it had identified 980 pages of responsive material, released 311 pages in full, released another 72 pages with redactions and withheld 276 pages under stated statutory exemptions enumerated in the FOIA and the Privacy

Act.  *See* Declaration of Karen Finnegan ("Finnegan Decl.") ¶¶ 13, 16.[1]  In addition, 327 pages were referred to other agencies for review and potential release to the plaintiff.  *Id.* ¶ 15.

The defendant filed this motion for summary judgment along with exhibits, the Finnegan Declaration, and a *Vaughn* index indicating the statutory basis for any information not released to the plaintiff.  *See generally* Def.'s Mot.  The plaintiff filed an opposition in which he challenges the defendant's decision to apply personal privacy exemptions to information about Webber.  *See* Pl.'s Opp'n at 6-7.  In support, the plaintiff alleges that Webber gave perjured testimony at the plaintiff's criminal trial and that the government's conduct constituted a *Brady* violation insofar as his defense was deprived of impeachment material to use against Webber.  *See id.* at 5; *see also* Lopez Aff. & Exhibits.  Throughout his submissions, the plaintiff emphasizes that because the alleged *Brady* violation involves rights of constitutional dimension, the personal privacy rights of third parties must give way.  *See* Pl.'s Opp'n at 7; Pl.'s Request for Production of Documents to EOUSA ¶ 7 (stating that "[t]he Defendants have cited numerous FOIA exemptions based on third party privacy interests to justify their decision to withhold documents from the Plaintiff.  It is respectfully submitted that those exemptions cannot circumvent your Plaintiff's constitutional rights").

---

[1]   The report and release were originally sent to a prior address.  This error was corrected when discovered, and the package re-sent to plaintiff's correct address on January 30, 2008.  Finnegan Decl. ¶ 15.

### III.  ANALYSIS

### A.  Legal Standard for Summary Judgment in a FOIA Case

Summary judgment may be granted only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Burke v. Gould,* 286 F.3d 513, 517 (D.C. Cir. 2002). A material fact is one that is capable of affecting the outcome of the litigation. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986). A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," *id.,* as opposed to evidence that "is so one-sided that one party must prevail as a matter of law." *Id.* at 252. A court considering a motion for summary judgment must draw all "justifiable inferences" from the evidence in favor of the nonmovant. *Id.* at 255.

In a FOIA suit, an agency is entitled to summary judgment once it bears its burden of demonstrating that no material facts are in dispute and that it has conducted a search reasonably calculated to uncover all relevant information, *Weisberg v. Dep't of Justice,* 745 F.2d 1476, 1485 (D.C. Cir. 1984), which either has been released to the requestor or is exempt from disclosure, *Students Against Genocide v. Dep't of State,* 257 F.3d 828, 833 (D.C. Cir. 2001). A court may award summary judgment to a FOIA defendant solely on the basis of information provided by the department or agency in sworn statements with reasonably specific detail that justify the nondisclosures, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith. *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C. Cir.1981). To

successfully challenge such a showing by the defendant agency, the plaintiff party must do more than merely establish some "metaphysical doubt;" rather, the plaintiff must come forward with "specific facts" demonstrating a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).

### B.  Because There are No Material Facts at Issue, the Court Grants Summary Judgment to the Defendant

The defendant has filed a sworn statement describing the search for responsive records. *See* Def.'s Mot. at 4-6 (citing Finnegan Decl.).  The plaintiff does not dispute that the search was adequate.  The defendant's *Vaughn* index, which is commendably detailed, informative and comprehensible, describes the nature and content of each document that was not released in full to the plaintiff and both cites a statutory exemption and provides a narrative specific to the document that explains the application of the asserted exemptions to that particular document.  All documents that were withheld in full or in part were withheld for multiple reasons.  *See Vaughn* Index.  The defendant explained the statutory exemptions and each exemption's application to specific categories of information.  *See* Def.'s Mot. at 17-31 (explaining the application of Exemptions 6 and 7(C), which protects the identities and privacy of third parties),[2] 12-17 (explaining the application of Exemption 5, which protect both attorney work product and information created as part of the deliberative process), and 8-12 (explaining the application of

---

[2]   FOIA Exemption 7(C) exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  Because the defendant asserted Exemption 6 in every instance that it asserted Exemption 7(C) and because the privacy inquiry in the two exemptions is essentially the same, *see Judicial Watch, Inc. v. Dep't of Justice,* 365 F.3d 1108, 1125 (D.C. Cir. 2004), the applicability of Exemption 6 need not be, and is not here, separately analyzed.

Exemption 3, which was used to withhold secret grand jury information in accord with Federal Rule of Criminal Procedure 6(e) and to withhold confidential conflict of interest forms in accord with 5 U.S.C. App. 4 § 107(a)(1)).  Where information was withheld in full, there was a specific determination made that no information could reasonably be segregated.  *See* Def.'s Mot. at 31-32.  The *Vaughn* index and the Finnegan Declaration provide sufficient information, absent a genuine issue of material fact raised by the defendant, to conclude that the decision to withhold information was properly justified in each case.

Focusing on Webber's trial testimony and what he believes to be a *Brady* violation by the government, he has identified a list of 26 documents he asks the Court to inspect "to learn if any of them contain information relevant to Ms. Webber and/or the State of New Hampshire."  Pl.'s Opp'n at 8.  A court is neither required nor well-advised to undertake *in camera* inspection of documents at issue in a FOIA case absent some compelling reason.  *Mead Data Central, Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 262 (D.C. Cir. 1977) (noting that routine reliance on *in camera* inspection is neither consistent with the FOIA nor a wise use of judicial resources).  In this case the *Vaughn* index demonstrates that there is no need for an *in camera* inspection of the 26 documents of interest to the plaintiff.  The defendant claims Exemption 5, 5 U.S.C. § 552(b)(5), as to 18 of those 26 documents, asserting that the withheld information is either attorney work product or was created as part of the deliberative process.  *Compare* Finnegan Decl. ¶ 29 (listing documents as to which the defendant asserts Exemption 5) *with* Pl.'s Opp'n at 8 (listing documents as to which he requests an *in camera* review).  The plaintiff offers no challenge to the defendant's invocation of Exemption 5 for withholding information in these 18

documents. Therefore, the defendant has carried its burden under the FOIA with respect to the these 18 documents at issue, and only the 8 other documents remain at issue.

In addition, the plaintiff challenges the application of the personal privacy protections, FOIA Exemptions 6 and 7(C), to information about Webber. Pl.'s Opp'n at 6. The plaintiff argues that the personal privacy exemptions defendants must yield in the face of the plaintiff's belief that a *Brady* violation infected his criminal trial. *Id.* at 7. The plaintiff's argument simply does not comport with the law. Given the nature of law enforcement records, the individual's "privacy interest at stake is substantial." *SafeCard Serv., Inc. v. S.E.C.*, 926 F.2d 1197, 1205 (D.C. Cir. 1991); *see also Bast v. U.S. Dep't of Justice,* 665 F.2d 1251, 1254 (D.C. Cir. 1981) (holding that, in light of the stigma potentially associated with law enforcement investigations, Exemption 7(C) affords broad privacy rights to suspects, witnesses and investigators). Given the significant individual privacy interest, disclosure of 7(C) material is warranted only when the individual's interest in privacy is outweighed by the public's interest in disclosure. *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 776 (1989) (requiring court to "balance the public interest in disclosure against the interest Congress intended [Exemption 7(C)] to protect"); *Beck v. Dep't of Justice,* 997 F.2d 1489, 1491 (D.C. Cir. 1993). Here, the interest plaintiff advances is private, not public, which is "irrelevant to this balancing." *Mays v. Drug Enforcement Admin.,* 234 F.3d 1324, 1327 (D.C. Cir. 2000). Furthermore, even if the plaintiff's private interest is construed as a public interest in promoting the rule of law, "[f]irst, the citizen must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake. Second, the citizen must show the information is likely to advance that interest. Otherwise the invasion

of privacy is unwarranted." *Nat'l Archives & Records Admin. v. Favish,* 541 U.S. 157, 172 (2004). Even if the plaintiff satisfied the first showing, on these facts, he would fail to satisfy the second showing. The *Vaughn* index on its face shows that there is no basis on which to conclude that the sort of information the plaintiff is seeking is contained in the remaining 8 documents at issue. Four of the documents have been withheld only in part, redacting only witness names and addresses, but disclosing to the plaintiff the other contents of the documents. *See Vaughn* Index, Docs. 42, 61, 87, and 1-S. There is no indication from plaintiff that the disclosed content of any of those four documents is associated with Webber or the information he related to her that he seeks. The other four documents, each of which is a handwritten note on a single page, have been withheld in full. For each of these, the narrative in the *Vaughn* index indicates that the document contains no information other than witness name and address information. *See id.*, Docs. 3 ("Hand-written note containing the names and business addresses of two witnesses"), 4 ("Hand-written list of witnesses to receive a trial subpoena"), 5 ("Hand-written note containing witness's name, place of residence, and fax number"), and 25 ("Hand-written note containing the name, address & telephone number of a third party"). Thus, the information disclosed in the *Vaughn* index demonstrates that disclosure of the information withheld in these 8 documents is not likely to advance any significant public interest, even if the plaintiff could establish that the public has a significant interest in the material he is seeking. On this record, the plaintiff has not shown a public interest in disclosure that outweighs the substantial privacy interests.

The record in this case establishes that the defendant properly applied several identified exemptions to withhold certain information from release to the public. The plaintiff challenged only the personal privacy exemption with respect to certain documents, and he failed to show a

public interest in disclosure that outweighed the substantial privacy interest protected by the statutory exemption. On this record, there is no genuine dispute of material fact and the defendant is entitled to judgment as a matter of law.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendant's motion for summary judgment. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 25th day of February 2009.

RICARDO M. URBINA<br>
United States District Judge